The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANDREW VOEGEL-PODADERA,

Defendant.

NO. 25-CR-141 KKE

STIPULATED MOTION FOR ENTRY
OF PROTECTIVE ORDER

Note on Motion Calendar:
July 18, 2025

The United States of America and Defendant Andrew Voegel-Podadera stipulate and agree as follows:

1.      Defendant Andrew Voegel-Podadera is currently charged with two counts of acquiring controlled substances by misrepresentation, fraud, deception, and subterfuge, in violation of 21 U.S.C. § 843(a)(3). The government alleges that Defendant obtained fentanyl and hydromorphone for his own use by falsely reporting that it was unused wastage.

2.      The government anticipates that pursuant to its obligations under Federal Rule of Criminal Procedure 16, Local CrR 16, the Jencks Act, 18 U.S.C. § 3500, *Brady*, and/or *Giglio*, it will be required to produce discovery consisting of documents containing

Stipulated Motion for Entry of Protective Order - 1
*U.S. v. Voegel-Podadera*, CR25-141 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

personally identifiable information and health information of Medicaid beneficiaries and others, including that of minors. The parties agree it is appropriate to protect this sensitive information (the "Protected Material") with a protective order.

3.      The Court has broad discretion to direct the disclosure and dissemination of discovery materials, including entering the requested protective order, pursuant to Fed. R. Crim. P. 16(d)(1).

4.      This stipulation is submitted for the purpose of ensuring that the Protected Material contained in the discovery in this case is not disseminated to anyone other than counsel and the members of their litigation team, and under certain circumstances, Defendant.

5.      The Protected Material shall be designated by the government, on the material itself, in a placeholder if the electronic file cannot be marked (as is the case with certain native files), on a physical label affixed to a disk or other media, or in another reasonable fashion, using the following designation: "PROTECTED MATERIAL." Protected Material will also be denoted as such on any accompanying indices or tables of contents. The failure to designate any materials as Protected shall not constitute a waiver of a party's assertion that the materials are covered by the requested protective order. If material is later found to be covered by the protective order, the government will re-produce a properly designated copy of the material.

6.      Possession of the Protected Material is limited to attorneys of record, their office staff, investigators, paralegals, assistants, and law clerks, as well as necessary third-party vendors, consultants, and/or experts (hereinafter collectively referred to as "members of the defense team"). At all times, members of the defense team shall be subject to the terms of the requested order.

Stipulated Motion for Entry of Protective Order - 2
*U.S. v. Voegel-Podadera*, CR25-141 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7.      The Protected Material shall not be loaded into an artificial intelligence (AI) tool or model, generative or not, where rights to the data are retained by any party that has not explicitly agreed to be covered by the protective order.

8.      Except as described below, members of the defense team may not provide copies of the Protected Material to other persons, including Defendant. In addition, defense counsel is required to make a copy of the protective order available to members of the defense team.

9.      Members of the defense team, defendants, and any others to whom disclosure of the content of Protected Material may be necessary to assist with the preparation of the defense, shall not disclose the Protected Material or its contents, other than as necessary for the preparation of defenses at trial and in subsequent legal proceedings, if necessary.

10.      If Defendant is held at the Federal Detention Center (FDC), he will be permitted to review the Protected Material, consistent with the regulations established by the BOP, with or without counsel, in a controlled environment at the FDC, but will be prohibited from printing out, copying, disseminating, or otherwise retaining the discovery. If Defendant is on pretrial release, he will be permitted to review the Protected Material at the offices of his counsel, but will be prohibited from printing out, copying, or disseminating the discovery.

11.      Nothing in this stipulation shall prevent any party from seeking modification of the protective order or from objecting to discovery that it believes to be otherwise improper. If counsel for Defendant believes that the government has incorrectly designated material as Protected Material, counsel will first confer with the government to attempt to resolve the issue. If the parties are unable to resolve the dispute, defense counsel is free to raise the issue with the Court by way of a motion.

12.      Nothing in this stipulation shall be deemed to require the government to provide particular discovery at a time or in a fashion inconsistent with applicable law.

Stipulated Motion for Entry of Protective Order - 3
*U.S. v. Voegel-Podadera*, CR25-141 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

13. The parties respectfully request that the Court issue the proposed protective order.

Respectfully submitted this 18th day of July, 2025.

TEAL LUTHY MILLER
Acting United States Attorney

 *s/ Philip Kopczynski*
PHILIP KOPCZYNSKI
AMANDA MCDOWELL
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-7970
philip.kopczynski@usdoj.gov
amanda.mcdowell@usdoj.gov

*/s Ronald Friedman (per email authorization)*
RONALD J. FRIEDMAN
Ogden Murphy Wallace
701 5th Avenue, Suite 5600
Seattle, WA 98104
(206) 447-7000
rfriedman@omwlaw.com

Stipulated Motion for Entry of Protective Order - 4
*U.S. v. Voegel-Podadera*, CR25-141 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970